UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  6:19-CR-00190-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GREGORY GRAFFEO, JR. (01)** | **MAG. JUDGE PATRICK J. HANNA** |

**ORDER and REASONS**

Before the Court is a Motion for Modification or Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic, filed by Defendant Gregory Graffeo, Jr. [ECF No. 53]. Pursuant to his motion, Graffeo suggests an appropriate modification of his sentence would be to reduce his term of imprisonment to time served and increase his term of supervised release from five to eight years. [ECF Nos. 53 at 10; 57 at 9]. The government opposes the motion. [ECF No. 55]. For the reasons set forth below, the motion is DENIED.

On June 19, 2019, Graffeo was charged in a one-count Indictment with Possession of Child Pornography. [ECF No. 2]. On August 13, 2019, Graffeo entered a plea of guilty to the foregoing offense. [ECF No. 23]. On November 22, 2019, Graffeo was sentenced to a term of imprisonment of 63 months, followed by a five-year term of supervised release.[1] [ECF No. 32]. The Court permitted Graffeo to self-surrender to the Bureau of Prisons ("BOP") on January 6, 2020. *Id.* at 2. As of the time of this writing, Graffeo has served approximately fifteen months of his 63-month sentence. His projected release date is June 25, 2024.[2] Graffeo now seeks compassionate release "due to the extraordinary and compelling reasons which exist at the facility in which he is currently

---

[1] Graffeo's sentence was at the bottom of his Sentencing Guideline range, which was 63 to 78 months. [ECF No. 33].
[2] *See* https://www.bop.gov/inmateloc/ (last visited Apr. 14, 2021).

being housed at," namely, the COVID-19 pandemic and its spread through Oakdale FCI. [ECF No. 53 at 1].

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to that rule is provided by section 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018. Section 3582(c)(1)(A) permits a court to modify an imposed term of imprisonment at the request of a defendant when the following criteria are met: (1) the defendant has either exhausted his administrative remedies, or waited thirty days after filing a request with the Bureau of Prisons before filing his motion with the court; (2) extraordinary and compelling reasons warrant a reduction; (3) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (4) the court has considered the factors set forth in 18 U.S.C. § 3553(a).[3] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Shkambi*, -- F.3d --, 2021 WL 1291609, at *3-4 (5th Cir. Apr. 7, 2021) (clarifying that courts are not bound by the pre-First Step Act policy statement found at U.S.S.G. § 1B1.13, or its commentary, when addressing a motion for compassionate release brought directly by a prisoner).

In this matter, the Warden at Oakdale received Graffeo's request for compassionate release on June 19, 2020, and therefore Graffeo satisfies the first element of the statute. However, the Court finds Graffeo has not demonstrated extraordinary and compelling reasons warrant a sentence reduction. Graffeo argues only a generalized fear of contracting COVID-19 due to the conditions of confinement generally. [ECF No. 53 at 7]. He cites to no risk factors that would place him at a

---

[3] Prior to passage of the First Step Act, courts could consider compassionate release only upon motion of the BOP. Section 603(b) of the First Step Act – "Increasing the Use and Transparency of Compassionate Release" – amended § 3582(c)(1)(A) to permit defendants to file such motions on their own behalf, as long as they first apply with the BOP. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 § 603(b) (2018).

higher risk of danger than the general population were he to contract COVID-19. "Fear of COVID doesn't automatically entitle a prisoner to release." *Thompson* at 434-35 (acknowledging inmate's hypertension and high cholesterol placed him at higher risk of severe symptoms should he contract COVID, but finding these health conditions did not make inmate's case "extraordinary"). "The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 455 F.Supp.3d 285, 291 (W.D. La. 2020).

As Graffeo has failed to demonstrate extraordinary and compelling reasons warrant a reduction of sentence, his motion is DENIED.

THUS DONE in Chambers on this 15th day of April, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE