UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO.  6:19-00190-01** |
| | **CIVIL ACTION NO. 6:20-1515** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GREGORY GRAFFEO, JR. (01)** | **MAG. JUDGE PATRICK J. HANNA** |

## RULING

Before the Court is a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Gregory Graffeo, Jr.[1] The United States of America opposes the motion.[2] For the reasons set forth below, the motion is DENIED.

## I.
### BACKGROUND

On June 19, 2019, Graffeo was charged in a one-count Indictment with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A.[3] On August 13, 2019, Graffeo entered a plea of guilty to the foregoing offense.[4] On November 22, 2019, Graffeo was sentenced to 63 months of imprisonment, followed by a five-year term of supervised release.[5] The sentence was at the bottom of Graffeo's 63 to 78 month Sentencing Guideline range. Graffeo appealed to the United States Court of Appeals for the Fifth Circuit.[6] There, he challenged the substantive reasonableness of his

---

[1] *See* Criminal Action No. 19-190, ECF No. 61. All citations to the record in this Ruling refer to documents filed in Criminal Action No. 19-190.
[2] ECF No. 63.
[3] ECF No. 2.
[4] ECF No. 23.
[5] ECF Nos. 32, 33.
[6] ECF No. 35. On March 28, 2020, while his appeal was pending, Graffeo filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 46. Due to the pending appeal, the Court denied the motion without prejudice and instructed Graffeo that he could resubmit his motion after a decision issued from the appellate court. ECF No. 49.

sentence, contending it was greater than necessary to accomplish the goals of the sentencing factors set forth in 18 U.S.C. § 3553(a), and that a downward variance was warranted because U.S.S.G. § 2G2.2 (possessing material involving the sexual exploitation of a minor) is inherently flawed.[7] The Fifth Circuit affirmed.

Graffeo now moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence, asserting the following grounds for relief: (1) ineffective assistance of trial counsel; (2) violation of his constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments; (3) "Illegal sentence under U.S.S.G. and 18 U.S.C. § 3553"; and (4) "Ambiguous Plea agreement."[8]

## II.
### STANDARD OF REVIEW

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that a defendant "stands fairly and finally

---

[7] ECF No. 51 at 3-4, *available at United States v. Graffeo*, 806 Fed.Appx. 344 (5th Cir. 2020).
[8] ECF No. 61 at 3-5, 7, 11.

convicted." *U.S. v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (quoting *U.S. v. Frady*, 456 U.S. 152, 164 (1982)).

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). Therefore, when a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under section 2255 if the defendant shows cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *U.S. v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). One exception to the foregoing rule is for claims of ineffective assistance of counsel. Failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a later motion to vacate pursuant to section 2255. *Massaro v. United States*, 538 U.S. 500, 509 (2003); *see also Placente* at 558 ("Ineffective assistance of counsel is cause for a procedural default.").

To demonstrate ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the deficient performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). Whether counsel's performance fell below an objective standard of reasonableness is evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citing *Strickland* at 689). This review is "highly deferential," and there is a strong presumption in favor of competency. *Id*. "A defendant must overcome that presumption by proving 'that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.'" *United States v. Scott*, 11 F.4th 364, 369 (5th Cir. 2021) (quoting *Kimmelman* at 381).

As to the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. "In the context of a guilty plea, that means there is a reasonable probability that the defendant 'would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Valdez*, 973 F.3d 396, 402-03 (5th Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## III.
### ANALYSIS

**A.  Ineffective Assistance of Trial Counsel and Violation of the Sixth Amendment**

In support of his claim of ineffective assistance of trial counsel, Graffeo's argument, in its entirety, is as follows:

> Counsel[']s failure to obtain a[n] unambiguous plea agreement; failure to assure petitioner's constitutional rights were protected; failure to question the imposition of an illegal sentence[] as governed by U.S.S.G., § 3553 and Rule 32; failed to provide excapulatory [sic] evidence as requested by the petitioner during his prosecution; and also counsel failed to provide adequate attention to petitioner's needs during the course of the prosecution. Furthermore, prosecutorial and judicial misconduct went un-challenged by defense counsel. Were it not for these unprofessional errors, the outcome would have been very different.[9]

Graffeo's allegations of his counsel's deficient performance are wholly conclusory and unsupported by evidence or even argument. Graffeo does not explain how his plea agreement is ambiguous, how his constitutional rights were violated, how his sentence is illegal, what exculpatory evidence he wished to provide, or what acts constituted prosecutorial or judicial misconduct. Further, he fails to make any specific demonstration of prejudice resulting from his counsel's allegedly deficient performance. "[M]ere conclusory allegations on a critical issue are

---

[9] ECF No. 61 at 3. In his second ground for relief, Graffeo states, without further elaboration, that "his Sixth Amendment right was violated when he was subjective [sic] to ineffective assistance of counsel." *Id.* at 4. Thus, that portion of Ground 2 is subsumed into this section of the Court's Ruling.

insufficient to raise a constitutional issue," even when a section 2255 motion is filed pro se. *U.S. v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Accordingly, and without further elaboration, the motion to vacate on the basis of ineffective assistance of trial counsel is denied.

**B.     Violation of Constitutional Rights under the Fifth, Eighth and Fourteenth Amendments**

Graffeo's argument in support of the purported violations of his constitutional rights reads as follows:

> Petitioner's Fifth Amendment right was violated when he was denied due process of law, and when statements he made were used for self incrimination; . . . his Eighth Amendment right was violated when he was subjective [sic] to cruel and unusual punishment in sentencing for his crime; his Fourteenth Amendment right was violated when petitioner was denied the equal protection of the laws in conviction and sentencing for his crime.[10]

As with his claim for ineffective assistance of counsel, Graffeo's claims of violations of the above-referenced constitutional rights are wholly conclusory and lacking in any detail. As such, he has failed to overcome the presumptions accorded to the record evidence and his motion must be summarily dismissed. *See e.g. Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Further, these claims are procedurally defaulted due to Graffeo's failure to raise them on appeal. And because Graffeo does not allege, much less show, "cause" for his procedural default and "actual prejudice" resulting from the error, these claims may not be considered here.[11]

---

[10] ECF No. 61 at 4.

[11] The Court notes that Graffeo explicitly waived his right not to self-incriminate at his plea hearing. ECF No. 36 at 7. The Court further notes that to the extent Graffeo is contesting the reasonableness of the length of his sentence, that issue was raised on appeal and cannot be asserted here. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (If issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.").

    **C.**    **Illegal sentence under U.S.S.G. and 18 U.S.C. § 3553**

As to his third ground for relief, Graffeo asserts:

> Petitioner was clearly subjective [sic] to an illegal sentence in the imposition of the totality of the sentences he received for his crime. Petitioner was denied considerations of Rule 32 and § 3553, when he was subjective [sic] to a term of imprisonment which exceeds the sentencing guidelines, with an additional term of supervised release, all severely in excess of punishment for deterrence.[12]

This claim is not only wholly conclusory, but it is factually incorrect. Graffeo's sentence of 63 months was at the bottom of his Sentencing Guideline range. Further, this issue was raised on appeal and cannot be asserted here. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (If issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."). Accordingly, this claim will be dismissed.

    **D.**    **Ambiguous Plea agreement**

Graffeo's final claim, "Ambiguous Plea agreement," asserts the following:

> Petitioner was subjective [sic] to a violation of his constitutional rights, due process, and ineffective assistance of counsel when such failed to assure that the plea agreement which was obtained to acquire the signature for conviction, was both beneficial to the petitioner, and enforced by the government and the Court, in which the language of the plea was not ambiguous so as to be executed accurately and as intended by the agreeing parties.[13]

First, to the extent this claim is for ineffective assistance of trial counsel, it is denied for the reasons set forth in section III(A), *supra*. To the extent this claim is separate from Graffeo's claim for ineffective assistance of counsel, the Court finds it was procedurally defaulted due to Graffeo's failure to raise it on direct appeal. And because Graffeo fails to allege "cause" for his procedural default and "actual prejudice" resulting from this error, or that he is actually innocent, this claim must be dismissed. Alternatively, the claim is dismissed due to Graffeo's failure to present

---

[12] ECF No. 61 at 5.
[13] ECF No. 61 at 7.

anything other than "conclusory allegations unsupported by specifics." *Blackledge*, 431 U.S. at 74.[14]

## IV.
### CONCLUSION

For the stated reasons, Graffeo's section 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED. Pursuant to rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. In this instance, a certificate of appealability is DENIED, because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

THUS DONE in Chambers on this 15th day of November, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[14] The Court notes that at Graffeo's plea hearing, Graffeo was advised and acknowledged that he was facing a term of imprisonment of up to ten years for this offense, and that no one had made any predictions or promises to him as to what sentence would ultimately be imposed. ECF No. 36 at 13, 19. Graffeo additionally confirmed that he was satisfied with his counsel's representation, he acknowledged that he was waiving certain constitutional rights by pleading guilty, he acknowledged that he agreed with the stipulated facts in support of his plea, he affirmed he had the opportunity to read and discuss the plea agreement with his counsel before he signed it, and he affirmed that no one had made any predictions or promises to him as to what sentence would ultimately be imposed. *Id.* at 5-6, 13, 15. In sum, a review of plea transcript reveals no constitutional infirmities.